## NEFF v. LOVE.

### September 7, 1837.

*Rule to show cause why an attachment of execution should not be set aside.*

N. obtained judgment against L. as one of the firm of L., P. & Co., and issued an attachment of execution, and levied it on the effects of L. in the hands of W. et al, who were the assignees in trust for creditors of L. & P., a different firm from that of L., P. & Co. The assignees filed their accounts in the Common Pleas, and auditors awarded to L., P. & Co. a certain sum. The matter was pending in the Common Pleas on exceptions. The Steuben

[Neff v. Love.]

County Bank, a creditor of L., P. & Co., and claiming under an alleged assignment of the whole fund awarded to that firm in the hands of the assignees, moved to quash the attachment of execution,

*Held,* that the court would not set it aside *summarily,* but leave the parties to bring up all the merits in the usual mode of interrogatories, answers, &c.

THE plaintiff obtained a judgment (June, 1837,–1257) against the defendant, as one of the firm of Love, Pickering & Co., consisting of the defendant and Jos. S. Pickering & C. Hoffman, upon a promissory note of said firm. He issued an attachment of execution on the 28th August, 1837, upon said judgment, and levied it upon the effects of said Love in the hands of Lewis Walton and John Northrop, Jr., and summoned them as garnishees. Love, Pickering & Hoffman, constituted in the city of Philadelphia the firm of Love, Pickering & Co. Love & Pickering constituted in same place the firm of Love & Pickering. The latter firm made an assignment in March, 1835, to said Walton and Northrop in trust for the benefit of certain creditors. The said assignees filed their accounts in the Court of Common Pleas, which referred them to auditors, who made a report (Nov. 1836) auditing, adjusting, and settling the same; and making distribution of the assets among certain of the creditors. They had awarded to Love, Pickering & Co. $2347 77. This report was excepted to by the assignees, and by some of the creditors; amongst the rest, by the present plaintiff. The matter was still pending in the Court of Common Pleas, and the accounts of the assignees were still unsettled. The present application was made to this court to set aside the service of the writ as respects the attachment of the funds in the hands of said assignees. It was made on behalf of the Steuben County Bank, of the State of New York, a creditor of Love, Pickering & Co., and claiming under an alleged written assignment, the whole fund awarded to that firm in the hands of said assignees.

G. M. *Wharton,* and
C. *Ingersoll,* for the rule.
F. W. *Hubbell,* contra.

PER CURIAM.—Although the rights of several of the parties before us are in litigation in the Court of Common Pleas under the acts relating to assignees' accounts, yet that circumstance does not oust our jurisdiction of the subject matter in the present proceeding as to call on us summarily to quash the attachment of

[Neff v. Love.]

execution. Whether the proceedings of the Court of Common Pleas will eventually be binding on us, it is unnecessary to consider, but this court will not interfere with its own process at this time. The garnishees can, in answer to interrogatories, disclose all the facts, and parties not named on the record, but really interested, are entitled on a proper application to interplead. The whole subject will then come up regularly.

Rule discharged.